IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION



| | |
|---|---|
| Dusty Hernandez<br>    Petitioner,<br><br>v.<br><br>Lorie Davis, Director<br>Texas Department of Criminal Justice<br>Correction Institutions Division<br>    Respondent, | CV NO: 6:20CV299 JDK/JDL |

## MOTION FOR LEAVE TO FILE OUT-OF-TIME PETITION
## PURSUANT TO 28 U.S.C. §2244(D)

TO THE HONORABLE SAID COURT:

Now comes Dusty Hernandez, Petition, and files this Motion for Leave to file his Out-of-time federal habeas petition pursuant to 28 U.S.C. §2244(d). On or about the week of March 13, 2020 Petitioner discover factual predicates that support his Ineffective Assistance of Counsel claim filed in his state application. Since then, petitioner has made a due diligence to become better acquainted with the law and other facts supporting his claim. Petitioner would show this Court the following:

### I.
### AEDPA's REQUIREMENTS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. §2244(d), provides in part that:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the

latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because petitioner has recently discovered that his sentencing trial, and subseqently, the state habeas evidentiary hearing proceeding, were fundamentally unfair, Petitioner is raising a federal claim in violation of the U.S. Constition, namely his Sixth Amendment right to effective assistance of counsel, and his Due Process right through the Fourteenth Amendment in the state court infringed in petitioner's right to present hihgly favorable mitigating evidence, central to his claims, in a new sentencing trial.

## GROUNDS RAISED

Petitioner raised One Ground of Ineffective Assistance of Counsel (herein "IAC") in his state application which he complains of seven different aspects of that claim. Petitioner argued that trial counsel failed to make timely objections, prepare for trial, challenge the State's expert witness and present readily available mitigating evidence. A brief description of these complaints are as follow:

1. Trial counsel failed to object to four of the state's witness on the proper punishment to assess petitioner in violation of the Texas Code of Criminal Procedure, Article 42.03, simply because she "did not want to upset the jury and make them mad at Hernandez," and because she "didn't want to come across as the lawyer who beats up on kids."

Because the trial court determined that the state did not mention these recommendations in thier closing argument, petitioner was not harmed.

The state court erred in substituting its own judgment for that of the trial court when it adopted their Proposed Order and was unreasonable in their determination because the record before the state court controverts their decision in that the State advised the jury to "start at Life," "give him the same sentence he gave all of his victims," and "ask yourself if he has presented anything showing that he derserves any less." Petitioner was seriously prejudiced because there is no evidence to show that the jury did not take these recommendations because petitioner received the maximum in all three counts.

2. Whereas an objective reasonable application of Strickland v. Washington, (466 U.S. 688), principles compels the conclusion that counsel was prejudicially ineffective in her failure to further investigate and develop for sentencing purposes, evidence of Hernandez's Low-risk of reoffending, incest

offenders have the lowest rate of recidivism, recidivism rates, the different classification of sex offenders and their respective rates, and Hernandez's Personality and Sexual Disorder.

This type of mitigating evidence was crucial to his defense of convincing the jury he was suitable for probation. According to Supreme Court, "any reasonable competent attorney would have realized that pursuing these leads was necessary to making an informed choice among possible defenses." **Wiggins v. Smith**, 539 U.S. at 510. 525. Instead, counsel strategically choose not pursue this defense simply because she "did not want to any doors," and decided to focus on Hernandez's "good" character, which was compromised when defense character witnesses suddenly lost all credibility, when confronted by the state's evidence, on cross-examination, because counsel failed to prepare them to take the stand. Counsel was reduced to a residual doubt strategy and the jury only heard one mitigation factor--petitioner had no prior convicitons.

Because Petitioner's case is "materially indistinguishable" from the Supreme Court precedents of **Wiggins, Williams v. Taylor**, 529 U.S. 362, and **Rompilla v. Beard**, 545 U.S. 374, the state court's application of Strickland was unreasonable when it determined trial counsel's performance was adequate despite the records showing of her many omissions and failures.

B. The state court's decision was, both, contrary to such clearly established federal law, insofar as the the decision turned on an erroneous view that such mitigation evidence would be "meaningless" to the jury, is not sufficient enough to establish constitutionally ineffective assistance of counsel, and

An unreasonable applicaiton of federal law, insofar as (1) the state court's analysis concerning a "meaningless" difference in outcome relied on an inapplicable exception to Strickland v. Washington, (2) the state court failed to

evaluate the totality of the available mitigation evidence, both adduced at trial and at habeas proceeding, in reweighing it against the evidence in aggravation, (3) some evidence not presented by counsel--such as the graphic description of petitioner's childhood filled with sexual abuse from many adults males in his extended family and frineds of his father, incest was a commonplace, sold into prostitution at the age of 5 years until he was about 8 years old, resorting to living his childhood abuse later in adolescent years--might well have influenced the jury's appraisal of petitioner's moral culpability, or the privation of a normal childhood and the reality that petitioner suffered from a Personality Disorder and Sexual Disorder as a result of his prolonged-sexual abuse as a child, (4) the circumstances in all three doctor's reports are consistent with the view that petitioenr's behavior was an imulsive reaction rather than a product of a sexual predator, and (5) by failing to entertain the possibililty that mitigating evidence unrelated to dangerousness might have altered the jury's selection of Life in prison, the state court failed to accord appropriate weight to the body of mitigating evidence avaialable to trial counsel.

4. To the extent the state habeas record includes new factual allegations, findings and evidence of petitioner's low-risk of re-offending as a result of research-bsed risk assessments, which were not done at trial, conducted by a Licensed Sex Offender Ptreatment Provider and highly-qualified Forensic Psychologist, Dr. J. Randall Price, and studies in regard to reliable expert opinion of recidivism rates and petitioner's capability of having his risk further rediced with specialized sex offender treatment.

STATE COURT'S UNREASONABLE DETERMINATIONS

5. In making their determination, the state court held that because "only 5%

of sex offense victims against children are reported," "if you don't ever catch the offender and they commit another crime," "this type of information would be "meaningless."

The state court required "certainty" that the jury would have reached a different result. This standard is more onerous than either the preponderance of evidence standard rejected as too demanding by Supreme Court in Strickland or the one adopted in petitioner's case. Therefore, petitioner was held to an inappropriate high standard of proof that was contrary to Strickland's standard of a "reasonable probability" of a different result. **Strickland**, 466 U.S. at 694; 28 U.S.C. §2254(d).

6. Also, in reaching its conclusion, state court improperly discounted mitigating evidence that could have been introduced at sentencing for the jury to re-weigh against the aggravating factors introduced at trial. And, as Petitioner recently discovered, as the Supreme Court noted in **Miller-El**, the state court's fact-finding is undermined where the state court has before it, yet apparently ignores, evidence that supports petitioner's claim, 537 U.S. at 346, when considered in the context of the full record bearing on the issue presented in the habeas petition.

Therefore, there was no reasonable basis for the state court to substitute its own judgment for that of the trial court and not conduct an analysis of its own or to ignore the fact that counsel had a constitutional duty, under prevailing professional norms, to make a reasonable investigation in presenting mitigating evidence that was later introduced at state habeas proceedings.

7. The state court confronted the same set of facts that are materially indistinguishable from the decisions of Supreme Court in **Terry Williams, Wiggins,** and **Rompilla,** and nevertheless arrived at a different result simply

because it would be "meaningless."

The state court's decision to deny petitioner's applicaiton was "unreasonable applicaiton" of Strickland because petitioner's counsel was far more deficient than the attorneys in Williams, Wiggins, and Rompilla, where in each case the Supreme Court upheld the petitioner's ineffective assistance of counsel claim.

8. In addition to the fact that state court's failure to consdier key aspects of the record is a defect in the fact-finding process, Miller-El, 537 U.S. at 348; Collins, 348 F.3d at 1097, the state court plainly misapprehended and/or misstated the record in making findings, and the misapprehension goes to a material factual issue that is cnetrial to petitioner's claim, that misapprehension can fatally undermine the fact-finding process rendering the resulting factual finding unreasonable. Wiggins, 123 S.Ct. at 2538-39.; Hall, 343 F.3d at 983.

9. Because the state/trial court's arguments and/or theories are inconsistent with these holdings, petitioner now rleies on, it is possible fairminded jurists could disagree that the state court unreasonably applied clearly established federal law of Strickland when it determined trial counsel was not deficient.

Furthermore, Petitioner will show prejudice in that:

10. Considering petitioner's compelling new evidence, the court's determination that counsel was not deficient, the state court Never reached the prejudice prong of Strickland.

11. For this very reason, the Supreme Court has considered IAC claims under AEDPA in cases where the relevant state court had not reached one of the

two prongs of Strickland. See Potter v. McCullum, 130 S.Ct. at 452; Rompilla, 545 U.S. at 390. Therefore, this Court can review petitioner's claims De Novo.

12. Petitioner demonstrates that state court did not address or acknowledge Dr. price report in any of its responses during habeas proceedings. And because petitioner obtain this report belatedly, it would place him in an impossible position by prohibiting him from presenting evidence to rectify his counsel's constitutional deficiency. Such an approach would directly contravene the uncontroversial requirement that a court assessing prejudice under Strickland must consider admissible "mitigating evidence developed in post-conviciton proceedings." Williams, 529 U.S. at 398

13. Petitioner points out that trial counsel gave nonsensical reasons or excuses for her trial strategy which included: "it was not my job" to investigate into the unreliable opinions of the state's expert witness, "I don't know why I didn't object," "I didn't want to open doors," to risk of reoffending or recidivism rates, "I choose not to investigate," into any of the state witnesses, "I didn't want to upset the jury and make them mad at my client," "I didn't want to look like the attorney who beats up on kids," and "our goal was to show that Hernandez was a good person."

The mitigation evidence, petitioner presented at habeas hearing, adds up to a mitigation case bearing no relation to the few naked pleas for mercy counsel put before the jury. The undiscovered evidence, taken as a whole, "might well have influenced the juror's appraisal of Hernandez's moral culpability," Rompilla, 545 U.S. 374, 398, and the likelihood of a different result, had the evidence gone in, the outcome actually reached at sentencing.

14. Therefore, Petitioner argues that this Court can not ignore the Supreme

Court holdings mentioned above. In light of these precedents, it is reasonable that fairminded jurist can disagree that counsel's failures and omissions constitute deficient perforamcne under Strickland.

And because the state court's ruling on petitioner's claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

15. Additionally, the state court failed to give deference to the trial court's contention that such mitigation evidence is "the kind of evidence that juries want to know," and its agreement that "it is clear, risk assessments or studies on recidivism rates weren't introduced by either party."

Petitioner argues that this type of psychological assistance and mitigating evidence is essential because without it he can not offer a well-informed expert's opposing view, and thereby loses a significant opportunity to raise in the juror's minds questions about the state's proof of an aggravating factor.

In sum, the state court's factual findings were under a misapprehension as to the correct legal standard. And because the state court's legal error affects the fact-finding process, the resulting factual determination will be unreasonable and no presumption of correctness can attach to it.

Petitioner has demonstrated prejudice as a result of trial counsel's deficiency with respect to sentencing and a new sentencing hearing is warranted.

And having shown that the state court's decision to deny Petitioner's state habeas application was "based on an antecedent unreasonable determination of the facts," under §2254(d)(2), the requirement set forth in §2254(d) is satisfied and this Court need not continue to apply AEDPA deference to

the State court's decision and can consider Petitioner's IAC claim de novo.

## RELIEF SOUGHT

For the reasons and grounds stated above, Petitioner respectfully request that this Court GRANT his Motion for Leave to file his Out-of-Time Habea Corpus petition pursuant to 28 U.S.C. §2254.

Petitioner reminds this Court, because of the Corona Virus pandemic, the Michael Unit is currently quarantine until further notice. This had put strict limitations on accessing law library material in order to complete the research process and complete a memorandum to file with the federal petition. Therefore, Petitioner seeks sufficient amount of time to proceed with this appeal process. If addition information is needed to support, petitioner can provide law libray notices.

May 29 2020
Date Signed

Dusty Hernandez 1552435
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

## CERTIFICATE OF SERVICE

I, Dusty Hernandez, hereby certify that on the 28th day of May, 2020, a true and correct copy of the above and foregoing Motin for Leave to file Out-of-Time Petition pursuant to 28 U.S.C. §2254 and §2244(d) was placed in the Michael Unit Internal mailing service addressed to the U.S. Disitrict Court Clerk, Eastern Division of Texas, 211 W. Ferguson St., Rm.106, Federal Bldg., Tyler, TX 75702. Affidavit/Unsworn Declaration in Support accompanies this Motion.

Dusty Hernandez 1562435   #1562435

INMATE UNSWORN DECLARATION
(Pursuant to Federal Law)

I, Dusty Hernandez, TDCJ# 1562435, being presently incarcerated in the Michael Unit, in Tennessee Colony, Anderson County, Texas, declare under penalty of perjury that the foregoing is true and correct.

I, Dusty Hernandez declare that on or about the week of March 13, 2020 discovered a U.S. Supreme Court case, namely, Williams v. Taylor, where the state court's analysis concerning a "mere" difference in outcome relied on an inapplicable exception to Strickland v. Washington. This encouraged me to look further into the facts of my case because of the state court's similar conclusion and learned that my case is indistinguishable, materially, from this case.

I, Dusty Hernandez, declare that since then I have made a due diligent effort to learn of the facts in my particular case and have become better acquainted with the law concerning my ineffective assistance of counsel claim. And I have discovered that the state court, in my case, held me to an inappropriate high standard of proof that was contrary to the standard that I relied on in my state application. This also directed me to other similar cases.

I, Dusty Hernandez, declare that because I asserted a federal constitutional claim, the applicable law was not reasonably applied to my case.

I, Dusty Hernandez, declare that I am simply strengthening my federal claim by adding new factual and legal material in my federal petition. I am supplementing my claims and not adding any new claims.

I, Dusty Hernandez, declare that new factual and legal material include such information as trial counsel's knowledge of

Unsworn Declaration               -1-

her inability to be prepared and endangering my Sixth Amendment right to effective assistance of counsel in a Motion Hearing conducted on February 6, 2009.

I, Dusty Hernandez, declare that my State application was filed, on my behalf, by Habeas Counsel, Robert Udashen, on April 24 or 27, 2012, which was Denied on September 18, 2013.

In a letter, dated September 23, 2013, he advised of nothing else he could do for me, in lieu of this denial. However, he informed me that I only had about a week left on the time period for filing a petition in federal court from when the state application was filed. Therefore, he does not have enough time to draft and file a petition in federal court.

I, Dusty Hernandez, declare that I am layman at law and since March 13, 2020 I have made an effort to familiarize myself with the federal habeas corpus review process, which prompted my Motion for Leave.

Executed on the 29th day of May, 2020.

Dusty Hernandez 1562435
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

Unsworn Declaration                     -2-

May 29, 2020

U.S. District Court CLERK
Eastern Division
211 West Ferguson St., RM 106
Federal Bldg.
Tyler, TX 75702



RE: Motion for Leave to file Out of Time Petition

Dear Clerk,

Enclosed please find one original copy of my Motion for Leave to File Out-of-Time Petition pursuant to 28 U.S.C. §2244(D). My Unsworn Inmate Declaration is attached to this motion. Please be advised that I have also included a copy of the first-page of this Motion to be filed and stamped to be returned to me. I have provided a SASE envelope for your convience.

Also, be advised that I am a layman at law and am not familiar with this court's filing procedures. In the event that there is a discrepency of any nature, I request that you notify me as soon as possible in order to correct it to prevent anything from procedurally keeping my federal petition from being reviewed by this Court. I am learning as I go, to put it in simle terms. In addition, I ask this Court to construe my Motio for Leave and/or any other document I intend to file in this Court liberally; and if a constitutional violation can be decifered from my arguments, to please deem it as such. I hope that I am filing it in the correct Court.

Thank you for your attention to this matter.

Sincerely,

Dusty Hernandez #1562485
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

cc: File/dh

Enclosures: Unsworn Declaration, Motion for Leave

Dusty Hernandez 1562435
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

LEGAL MAIL

U.S. District CLERK
Eastern Division
211 West Ferguson St., Rm 106
Tyler, TX 75702